**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sean McGuire, | No. CV-20-02400-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Sean McGuire's Application for Social Security Disability Insurance ("SSDI") benefits and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). Plaintiff filed a complaint with this Court on April 1, 2018, seeking review of the denial benefits. (Doc. 1.) Defendant Commissioner filed an Answer. (Doc. 11.) The Court now addresses Plaintiff's Opening Brief (Doc. 16), Defendant's Response (Doc. 18), and Plaintiff's Reply (Doc. 19.). The Court has reviewed the briefs and the administrative record (Doc. 12, Administrative Record "AR.") and now remands the matter back to the Administrative Law Judge ("ALJ") to conduct a new five-step analysis.

**I. Background**

In April 2019, Plaintiff protectively applied for SSDI and SSI benefits under the Act, alleging disability since April 1, 2018 (AR. at 14, 208-223.) Plaintiff met the insured

status requirements of the Act through December 31, 2023. (AR 17.) The agency denied Plaintiff's applications initially and on reconsideration. (AR. at 68-119.) Plaintiff testified at an administrative hearing on July 7, 2020. (AR. at 30-37.) In a hearing decision dated August 28, 2020, the ALJ found Plaintiff not disabled. (AR. at 14-24.) The Appeals Council denied review October 29, 2020, making the ALJ's decision the final decision of the Commissioner. (AR. at 2-6.) Plaintiff now seeks review under 20 U.S.C. § 405(g) and § 1383(c)(3).

**II.  Legal Standard**

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). Whether the Commissioner's decision is supported by substantial evidence "is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 690 (9th Cir. 2009). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. §404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At

step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the analysis proceeds. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

**III. Analysis**

Plaintiff argues that the ALJ erred by not explaining why she departed from the opinions of state medical consultants limiting Plaintiff to "one to [two] step instructions" and instead determined that Plaintiff could "carry out simple and repetitive tasks." (Doc. 16 at 10; AR. 19, 22.) Before awarding or denying SSI benefits, the ALJ must "articulate in [her] determination or decision how persuasive [it] finds all of the medical opinions and all of the prior administrative medical findings in [the] case record." 20 C.F.R. § 404.1520c(b)(1). Persuasiveness turns primarily on whether a medical opinion is supported and consistent. 20 C.F.R. § 404.1520c(b)(2). The ALJ need not consider other factors, such as a medical source's relationship with a claimant, unless the ALJ finds that two or more medical opinions about the same issue are equally well-supported. These considerations apply equally to findings by the state agency medical and psychological consultants who review claims at the initial and reconsideration levels of the administrative process. 20 C.F.R. § 404.1513a(b)(1); *see also* 20 C.F.R. § 404.1513(a)(5).

Two state medical consultants, Drs. Rubin and Titus, opined that Plaintiff could only handle one- to two-step instructions (AR. at 76, 102.) The ALJ found the doctors' opinions "generally persuasive" and then, without any explanation for departing from these persuasive opinions, determined that Plaintiff remained capable of even more, including

performing simple and repetitive tasks, which would place Plaintiff in Reasoning Level Two. This is legal error.

And the error is not harmless. The state medical consultants' limitation places Plaintiff in Reasoning Level One. *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1003 (9th Cir. 2015). The ALJ's determination categorizes Plaintiff into Reasoning Level Two. *Id.* There is no explanation for why the ALJ did not take the state medical consultants' opinions at "face value." *Id.* "This Court 'cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision.'" *Id.* at 1004 (quoting *Zavalin v. Colvin*, 778 F.3d 842, 848 (9th Cir. 2015)). The proper remedy is remand. *Id.*

**IT IS ORDERED** that this matter is **REMANDED** to the ALJ for further proceedings consistent with this order.

Dated this 29th day of March, 2022.

Douglas L. Rayes
United States District Judge